*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1374**

Progressive Preferred Insurance Company,
Respondent,

vs.

Aries Williams,
Appellant.

**Filed May 28, 2024
Affirmed
Segal, Chief Judge**

Dakota County District Court
File No. 19AV-CV-23-344

Alyssa L. Johnson, Yost & Baill, LLP, Minneapolis, Minnesota (for respondent)

Aries Williams, Eagan, Minnesota (pro se appellant)

Considered and decided by Connolly, Presiding Judge; Segal, Chief Judge; and Reilly, Judge.[*]

**NONPRECEDENTIAL OPINION**

**SEGAL**, Chief Judge

In this appeal from summary judgment in favor of respondent insurance company on its claim for subrogation, appellant argues that the district court erred in determining there were no genuine issues of material fact. We affirm.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

This case arises out of damages resulting from an automobile collision involving the daughter of appellant Aries Williams. Based on the police report, Williams's daughter was turning left at a stop sign when she turned into traffic in front of a car being driven by a person whose vehicle was insured by respondent Progressive Preferred Insurance Company. The person sustained damages to the vehicle totaling $12,215.44, which sum was paid by Progressive. Progressive then filed suit against Williams "as the owner of a 2010 Hyundai Sonata vehicle driven by Williams' daughter with her permission for property damages to the vehicle of its insured."[1]

Williams, who is unrepresented, alleged in her unsworn answer to the complaint that she did not own the Sonata because it was sold to and paid for by her daughter's father, and that he was responsible for insuring the Sonata. Williams admitted she was listed as the owner of the Sonata on the title and the bill of sale but stated that the terms of the sale were that the car dealership would transfer title to her daughter's father upon final payment. In a counterclaim, Williams asserted that the driver of the damaged vehicle caused the accident, not her daughter.

Progressive served a request for production of documents, request for admissions, and set of interrogatories on Williams. Progressive's request for admissions asked Williams to admit she was the owner of the Sonata when the collision occurred—May 29,

---

[1] Progressive first filed its damages claim in conciliation court. The conciliation court conducted a hearing and awarded judgment in favor of Progressive for $12,297.44, including $12,215.44 in damages and $82 in fees. Williams then removed the action to district court.

2018; she gave permission to her daughter to drive the vehicle;[2] the vehicle was driven by her daughter in a negligent manner as to cause a collision with Progressive's insured; she did not have insurance on the vehicle; and the vehicle of Progressive's insured was damaged as a result of the collision in the amount of $12,215.44. Williams did not respond to any of Progressive's discovery requests, including its request for admissions.

Progressive filed a motion for summary judgment against Williams. Progressive maintained that, under Minn. R. Civ. P. 36.01, Williams's failure to respond to its request for admissions meant that the statements in the request must be deemed admitted. Progressive argued that it was therefore entitled to summary judgment in its favor because the admissions covered each element of its claim against Williams. Progressive submitted an affidavit of counsel, a copy of the request for admissions, and an appraisal and valuation of the claimed damages with its summary-judgment motion. Williams provided no response to the motion for summary judgment.

Based on Williams's failure to respond to the request for admissions or the summary-judgment motion, the district court determined that Progressive was entitled to judgment in its favor as a matter of law and dismissed Williams's counterclaim.[3] The

---

[2] Under the Minnesota Statutes, "[w]henever any motor vehicle shall be operated . . . with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner." Minn. Stat. § 169.09, subd. 5a (2022).

[3] In addition to granting summary judgment, the district court denied motions that Williams had previously filed purporting to add third-party defendants, including Progressive's insured, the salesperson who sold her the Sonata, and her daughter's father. The district court denied Williams's motions because it concluded that Williams had not followed proper procedures in seeking to add third parties to the suit.

district court awarded Progressive damages in the amount of $12,297.44, the same amount as had been previously awarded by the conciliation court.

## DECISION

Williams argues on appeal that the district court erred in granting summary judgment based on her claims that she was not the owner of the Sonata when the collision occurred and that she did not give her daughter permission to drive the car. "A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and either party is entitled to judgment as a matter of law." *Medica, Inc. v. Atl. Mut. Ins. Co.*, 566 N.W.2d 74, 76 (Minn. 1997) (citing Minn. R. Civ. P. 56.03). When a rational trier of fact could not find for the nonmoving party, there is no genuine issue for trial. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997). Appellate courts review a district court's grant of summary judgment de novo. *Medica*, 566 N.W.2d at 76.

Under Minn. R. Civ. P. 36.01, a party can serve upon another party a request for admission "of the truth of any matter" within the proper scope of discovery, which matter is deemed "admitted unless within 30 days after service of the request, or within such shorter or longer time as the court may allow," a written answer or objection on the matter is served on the party making the request. Once a matter is admitted, that matter is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Minn. R. Civ. P. 36.02. Deemed admissions may serve as the basis for summary judgment. *See W. Horizontal Drilling, Inc. v. Jonnet Energy Corp.*, 11 F.3d 65, 70 (5th Cir. 1994); *see also Behnke v. Green-Behnke*, No. A03-1039, 2004 WL 376984, at *7 (Minn. App. Mar. 2, 2004) (citing *Horizontal Drilling* and persuasively analyzing a

4

grant of summary judgment based on deemed admissions of material facts), *rev. denied* (Minn. May 26, 2004).

Williams does not dispute that she failed to respond to the request for admissions. And it is also undisputed that she never attempted to submit a late response. *Cf. Dahle v. Aetna Cas. & Sur. Ins. Co.*, 352 N.W.2d 397, 402 (Minn. 1984) (affirming a district court's determination that a party's responses to a request for admissions were sufficient, even though they were tardy). Thus, while we are sympathetic to the difficulty of being a self-represented litigant, we discern no basis upon which we can reverse the district court's determination that Williams must be treated as having admitted each of the requests. *See Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001) ("Although some accommodations may be made for pro se litigants, . . . pro se litigants are generally held to the same standards as attorneys and must comply with court rules.").

Moreover, Williams not only failed to respond to the request for admissions, but also failed to respond to Progressive's motion for summary judgment. The district court was thus presented with no evidence that might demonstrate the existence of a disputed issue of material fact. *See* Minn. R. Civ. P. 56.05 (stating summary judgment may be appropriate "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," a nonmoving party "may not rest upon the mere averments or denials of the adverse party's pleading but must present specific facts showing that there is a genuine issue for trial"); *Nicollet Restoration, Inc. v. City of St. Paul*, 533 N.W.2d 845, 848 (Minn. 1995) (noting "general assertions . . . are not sufficient").

Because Williams is deemed to have admitted all essential facts in the case and failed to respond in any way to Progressive's motion for summary judgment, the district court did not err in granting summary judgment in favor of Progressive.

**Affirmed.**